UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER ROBISON and MICHELLE ROBISON ) ) ) ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| KLEEN ENERGY SYSTEMS, L.L.C., ) O&G INDUSTRIES, BLUEWATER ENERGY ) SOLUTIONS, INC., SIEMENS ENERGY, ) INC., POWER PLANT MANAGEMENT ) SERVICES, LLC, WORLEY PARSONS ) GROUP, INC., SPECTRA ENERGY ) OPERATING CORPORATION/ALGONQUIN ) GAS TRANSMISSION, LLC ) ) | JURY TRIAL DEMANDED May 5, 2011 |

## COMPLAINT

### JURISDICTION

1. Plaintiffs Christopher Robison and Michelle Robison are citizens of the State of Massachusetts.

2. Defendant Kleen Energy Systems, L.L.C. (hereafter "Kleen Energy") is a corporation organized under the laws of the State of Connecticut with a principal place of business in the State of Connecticut.

3. Defendant O&G Industries, Inc. (hereafter "O&G") is a corporation organized under the laws of the State of Connecticut with a principal place of business in the State of

Connecticut.

    4.    Defendant Bluewater Energy Solutions, Inc. (hereafter "Bluewater") is a corporation organized under the laws of the state of Georgia with a principal place of business in Georgia.

    5.    Power Plant Management Services LLC (hereafter "PPMS") is a limited liability corporation with headquarters in the State of Texas and which is not organized under the laws of the State of Massachusetts.

    6.    Worley Parsons Group Inc. (hereafter "Worley Parsons") is a Delaware corporation with its principal place of business in the State of Texas.

    7.    Spectra Energy Operating Corporation/Algonquin Gas Transmission LLC (hereafter "Spectra") is a Delaware corporation with a principal place of business in the State of Texas.

    8.    Siemens Energy, Inc., (hereafter "Siemens") is a Delaware corporation with a principal place of business in the State of Florida.

    9.    This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

    10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District; the accident at issue occurred in this District; and one or more of the defendants has a principal place of business in this District.

## **COUNT ONE**

11.     The defendants Kleen Energy, O&G, and Bluewater were involved in and responsible for the design, testing and construction of a natural gas powered plant in Middletown, Connecticut.

12.     Prior to February 7, 2010, PPMS was retained by O&G and/or Kleen Energy to act as managers of the plant and to perform operations and management services.  PPMS was the general manager supervising and overseeing all operations of the plant and its construction including, but not limited to, administering and controlling the Start Up Program.  The Start Up Program included gas blows at the Kleen Energy Power Plant.

13.     PPMS supervised and oversaw aspects of the Kleen Energy Power Plant construction.  This included, but was not limited to, asset management, oversight and management, construction oversight and start up functions, including the Start Up Program.

14.     Prior to February 7, 2010, Worley Parsons was retained by O&G to act as engineers and supervisors for the gas blow system.  Worley Parsons designed the gas pipe systems in the plant and controlled its construction including, but not limited to, administering and controlling the Start Up Program. The Start Up Program included gas blows at the Kleen Energy Power Plant.

15.     Prior to February 7, 2010, Spectra was part of the process of administering, controlling, selecting or otherwise recommending the Start Up Program.  The Start Up Program included gas blows at the Kleen Energy Power Plant.

3

16. Prior to February 7, 2010, Siemens was retained by O&G to provide parts for the gas system and to supervise work on the system. Siemens controlled the work performed at the plant including, but not limited to, administering and controlling the Start Up Program. The Start Up Program included gas blows at the Kleen Energy Power Plant.

17. On February 7, 2010, the defendants were cleaning or "blowing" some or all of the 561 pipelines at the plant site by flushing large amounts of natural gas under very high pressure through the pipelines for the purpose of removing debris, directly or through their employees, partners, joint venturers or agents.

18. At all relevant times the site was a "construction site" for purposes of 29 C.F.R. Part 1926.

19. During that process, the defendants directly or through their employees, partners, joint venturers or agents, failed to design, train their employees and conduct the purging reasonably, in that a large quantity of natural gas was allowed to accumulate and come into contact with an ignition source while they and others, including Christopher Robison, were performing duties at the site, due to one or more of the following factors, among others:

    a. Defendants designed and implemented an operation in which a large quantity of natural gas was vented into areas close to buildings, scaffolding, partially enclosed work areas, and other structures that were adjacent to the power generation building in which employees performed construction work and in which open flame ignition sources, including but not limited to propane heaters, existed;

  b. Defendants failed to reasonably abate the hazard by ensuring that the vent pipe was positioned vertically and above the power generation building and all other nearby structures, or horizontally to a location away from structures that could inhibit the adequate dispersal of the gas;

  c. Defendants failed to ensure that any and all ignition sources were eliminated;

  d. Defendants failed to ensure that construction activity ceased during the gas blow process;

  e. Defendants failed to ensure that all workers other than those essential to conducting the gas blows were removed from the building and area around which the gas blows were occurring;

  f. Defendants failed to ensure the use of devices to control the amount and pressure of gas vented;

  g. Defendants failed to implement regular inspections of the work site by a competent person;

  h. Defendants failed to instruct or train their employees, agents, other contractors, and others, in hazard recognition and minimization related to gas blow operations;

  i. Defendants did not prepare or implement a reasonable fire prevention system at the job site;

j.      Defendants otherwise failed to act reasonably under the circumstances then and there present.

20.    As a result of the failure of due care of defendants, natural gas being purged was caused to ignite and explode.

21.    The explosion caused serious physical and other injuries to plaintiff Christopher Robison.

22.    A substantial factor causing the injuries to Christopher Robison was the negligence of the defendants.

23.    As a result of suffering these injuries, Christopher Robison was caused to sufferfinancial losses and reduction in his ability to carry on life's activities.

## COUNT TWO

24-36.   The plaintiff Michelle Robison repeats and realleges the allegations of Paragraphs 11 through 23 of Count One as Paragraphs 24 through 36 of this Count Two with the same force and effect as if fully set forth herein.

37.    As a result of the conduct of the defendants, their agents, servants or employees, Michelle Robison has suffered a loss of affection, care, companionship and consortium of her husband Christopher Robison.

WHEREFORE, the plaintiffs pray for the following relief:

(a)    Compensatory damages in an amount to be determined by the finder of fact but not less than $6,000,000.00 plus costs;

6

      (b)      Such other relief as the Court deems appropriate or to which the plaintiffs are entitled by law.

Plaintiffs demand a trial by jury.

                                                      THE PLAINTIFFS

By _____
     William M. Bloss
     Federal Bar No. ct01008
     Koskoff Koskoff & Bieder
     350 Fairfield Avenue
     Bridgeport, Connecticut 06604
     TEL:  203-336-4421
     FAX: 203-368-3244
     Email: bbloss@koskoff.com